# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0195, <u>In the Matter of Tracy LaCombe and Jason LaCombe</u>, the court on January 18, 2019, issued the following order:**

To the extent that the respondent moves, through requests in his brief, to dismiss the appeal or to strike the petitioner's statement of facts and questions presented, that motion is denied.

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, Tracy LaCombe (wife), appeals a final order by the Circuit Court (<u>Chabot</u>, J.) in her divorce from the respondent, Jason LaCombe (husband). We construe her brief to contend that the trial court erred by: (1) finding her in default and "precluding [her] from providing any information at [the final] hearing which would have been discoverable had she complied with Rule 1.25-A and provided interrogatory answers and documents as requested"; (2) not conducting a "full trial" or allowing her to cross-examine the husband and his financial documents; (3) dividing the marital assets allegedly unequally; (4) not valuing the parties' respective businesses and dividing them equally; (5) not finding that the husband understated his income; (6) ordering her to repay the husband child support overage that she alleges he did not pay; (7) not reviewing "the fraudulent misleadings of [the husband] and his attorney"; (8) accepting the husband's counsel's representations regarding the wife's failure to comply with discovery requests and her finances "without giving [her] the opportunity to prove otherwise"; (9) not addressing post-secondary education expenses for the parties' children, <u>but</u> <u>see</u> RSA 461-A:14, V (Supp. 2018) (precluding court from requiring parent to contribute to adult child's college expenses); (10) denying her request for alimony; (11) not requiring the husband to carry life insurance; (12) finding that the parties had equally divided the marital personal property; (13) not compelling the husband to comply with the court's order that he return personal property that he removed from the marital home; (14) not awarding her a portion of the bank account of an entity controlled by the husband; (15) not dividing pre-petition debt in her name that was attributable to medical services for the children; (16) including a timeshare that she purchased after she petitioned for divorce as a marital asset, but not including a snowmobile that the husband purchased after the petition; (17) ordering her to pay the husband's attorney's fees in connection with a motion to stay she had filed on the basis of the husband's alleged perjury; (18) not ordering a new hearing because her attorney allegedly committed malpractice; and (19) violating her right to due process.

The wife, as the appealing party, has the burden on appeal to provide a record that is sufficient to decide the issues she is raising and to demonstrate that she raised those issues in the trial court. Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004); see Fam. Div. R. 1.26(F) ("To preserve issues for an appeal to the Supreme Court, an appellant must have given the Court the opportunity to consider such issues."). Absent a transcript, we assume the evidence was sufficient to support the result reached by the trial court, Bean, 151 N.H. at 250, and review its order for errors of law only, see Atwood v. Owens, 142 N.H. 396, 397 (1997).

In this case, the wife has failed to provide a transcript of the hearing before the trial court. Although the wife contends that "most of the issues [she] has raised [on appeal] can be seen in the final decree or documents and motions submitted by either party," we are unable to identify the parties' arguments fully or the trial court's rulings upon them simply by reference to the decree and pleadings. We note that: (1) the trial court stated that it denied the wife's motion to reconsider its denial of her motion to vacate the default finding from the bench; and (2) the wife represented that "there w[ere] extensive discussions at the Pretrial [conference] regarding . . . discovery issues." Accordingly, we assume that the evidence was sufficient to support the trial court's determination. Bean, 151 N.H. at 250. We review the trial court's order for errors of law only, see Atwood, 142 N.H. at 397, and find none.

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**

2